UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| LUIS EDISON G. L., | Case No. 26-cv-1199 (LMP/DJF) |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION** |
| PAMELA BONDI, *Attorney General of the United States*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Acting Director, Saint Paul Field Office Director, U.S. Immigration and Customs Enforcement*, | |
| Respondents. | |

---

Frances Ivy Mahoney-Mosedale, **Gustafson Gluek PLLC, Minneapolis, MN**, for Petitioner.

Trevor Brown, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Luis Edison G. L. is a citizen of Ecuador who lives in Minneapolis. ECF No. 1 ¶ 2. He has been in the United States since 2014. ECF No. 5 at 1. Luis Edison G. L. was arrested by immigration officials on February 3, 2026, and remains in the custody of United States Immigration and Customs Enforcement. ECF No. 1 ¶ 4. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See id.* ¶ 54. Luis Edison G. L. contends that he is not subject to detention under 8 U.S.C. § 1225(b)(2) but instead is subject to detention, if at all, under 8 U.S.C. § 1226(a), and that the Government has not presented a warrant that

justifies his detention. *Id.* ¶¶ 65–66. Luis Edison G. L. brings a verified petition for a writ of habeas corpus. *See generally id.*

The Court ordered the Government to answer the petition no later than February 10, 2026. ECF No. 3. The Court noted that it has already found similarly situated noncitizens not to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and that such noncitizens are instead subject to the provisions of 8 U.S.C. § 1226(a). *See id.* at 2 (first citing *Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); and then citing *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025)).

The Government timely responded and agrees with Luis Edison G. L. that his case is not legally or factually distinguishable from those this Court has already decided. ECF No. 4. Nevertheless, the Government "assert[s] all arguments raised by the government in [*Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)] . . . and respectfully request that the Court preserve those arguments for any appeal in this case." *Id.* Given the Government's candid acknowledgement that the issues raised are not distinguishable from those addressed in this Court's prior decisions, the Court concludes that Luis Edison G. L. is not subject to the provisions of Section 1225(b)(2) and is instead subject to the provisions of Section 1226(a) for the same reasons articulated in this Court's prior orders. *See, e.g.*, *Roberto M. F.*, 2025 WL 3524455, at *4; *Victor Hugo D. P.*, 2025 WL 3688074, at *2–3.

The Court has also concluded that if a petitioner is subject to the provisions of Section 1226(a), the Government must have issued a warrant justifying detention in the first place. *Joaquin Q. L. v. Bondi*, No. 26-cv-233 (LMP/DTS), 2026 WL 161333, at *2–

2

3 (D. Minn. Jan. 21, 2026). If the Government does not do so, immediate release is the appropriate remedy. *Id.* Here, the Government attaches to its answer an administrative warrant issued to Luis Edison G. L. on February 3, 2026. ECF No. 4-1. The Government therefore asserts that it has issued the appropriate warrant and may detain Luis Edison G. L. pending a bond hearing. ECF No. 4 at 1–2.

Luis Edison G. L. acknowledges the warrant but argues that it is irrelevant because it was not secured prior to arresting him. ECF No. 5 at 5 ("Respondents cannot retroactively justify the arrest and detention of Petitioner when they could not and did not provide him that justification at the time of his arrest."). The Court is not so sure, factually or legally. First, Luis Edison G. L. asserts that "on February 3, 2026, the date of Petitioner's detention, Petitioner was not presented with a warrant for his arrest." *Id.* But he was presented with the warrant on February 3, 2026. ECF No. 4-1. Given the record here, the Court does not know which came first, the warrant or the arrest, because neither side provides the timing of either the warrant or arrest.

In any event, the Court does not believe that a warrant issued the same day but after Luis Edison G. L.'s arrest is invalid to establish the Government's compliance with Section 1226(a). The Government is, after all, authorized to arrest someone without first securing a warrant. *See* 8 U.S.C. § 1357(a)(2) (authorizing that an immigration officer may "arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest"). When a noncitizen is so arrested, he or she must be examined and processed for further proceedings. 8 C.F.R. § 287.3. And that

3

examination must include "a determination . . . within 48 hours of the arrest . . . whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued." *Id.* § 287.3(d). This would seem to suggest that the Government may, within 48 hours of a warrantless arrest, issue a warrant of arrest. And that is what happened here. The warrant was issued the same day Luis Edison G. L. was arrested. ECF No. 4-1. That warrant would then place Luis Edison G. L. into the procedural protections of 8 U.S.C. § 1226.

The Court has already concluded that when the Government detains a non-citizen pursuant to Section 1226, the Government must afford the non-citizen a bond hearing. *See, e.g.*, *Roberto M. F.*, 2025 WL 3524455, at *4; *Victor Hugo D. P.*, 2025 WL 3688074, at *2–3. Accordingly, the Court adopts the same reasoning here and concludes that Luis Edison G. L is entitled to a bond hearing under Section 1226(a).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Luis Edison G. L.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

1. The Court **DECLARES** that Luis Edison G. L. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2. The Government is ordered to provide Luis Edison G. L. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of his release no later than February 20, 2026.

3. The Government is **ENJOINED** from moving Luis Edison G. L. outside of the District of Minnesota prior to the required bond hearing.

4. If the Government does not provide Luis Edison G. L. with a bond redetermination hearing as required by this Order, he must be immediately released from detention without conditions and with the return of all property.

5. No later than February 23, 2026, the Government shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Luis Edison G. L.'s unconditional release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 13, 2026        *s/Laura M. Provinzino*
                                Laura M. Provinzino
                                United States District Judge